

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**February 3, 2023 10:38**

By: JOSEPH A. MALLERNEE 0098862

Confirmation Nbr. 2767265

| | |
|---|---|
| CROSSCOUNTRY MORTGAGE, LLC. | CV 23 974717 |
| vs. | |
| MAXWELL ROSA | **Judge:** EMILY HAGAN |

**Pages Filed:** 11

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| CROSSCOUNTRY MORTGAGE, LLC<br>2160 Superior Avenue<br>Cleveland, OH 44114<br><br>    Plaintiff,<br><br>vs.<br><br>MAXWELL ROSA<br>1451 Stephen Marc Lane<br>East Meadow, NY 11554<br><br>    Defendant. | Case Number:<br><br><br>Judge:<br><br><br>**COMPLAINT** |

NOW COMES Plaintiff, CrossCountry Mortgage, LLC ("Plaintiff") by and through the undersigned counsel and hereby submits the following Complaint against Defendant, Maxwell Rosa ("Defendant").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the claims in this matter pursuant to R.C. § 2305.01 and the Sign-On Bonus Agreement (the "Agreement"). A true and accurate copy of the Agreement is attached hereto as **Exhibit 1**.

2. This Court is the proper venue for the claims in this matter, pursuant to Rule 3(C)(6) and (7) of the Ohio Rules of Civil Procedure, as some or all of Plaintiff's claims for relief arose in Cuyahoga County and the Defendant resides out of state but conducted business within the state.

## PARTIES

3. Plaintiff CrossCountry Mortgage, LLC is a Delaware limited liability company with its primary place of business in Cleveland, Ohio.

4. Defendant Maxwell Rosa was a resident of New York, employed by Plaintiff beginning on or about June 17, 2021, until on or about December 9, 2022

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

5. Plaintiff entered into a Sign-On Bonus Agreement with Defendant dated July 1, 2021 (the "Agreement") whereby Plaintiff agreed to pay Defendant $120,000.00 (the "Bonus"), conditioned upon Defendant remaining continuously employed with Plaintiff for a period of 24 months. A true and correct copy of the earnings statements demonstrating payment of the Bonus are attached hereto as **Exhibit 2**.

6. Defendant further agreed that if he voluntarily resigned before the requisite period ended then Defendant would repay the Bonus to Plaintiff within ten days of the date of Defendant's resignation or termination. Repayment of the Bonus and the accounting thereof would occur at Plaintiff's primary place of business.

7. On or about December 9, 2022, Defendant resigned from his position with Plaintiff. As a result, Defendant failed to remain employed for the requisite period.

8. Pursuant to the terms of the Agreements, Plaintiff recaptured from Defendant's final paycheck a portion of the bonus owed, or $782.19. After the recapture, the outstanding amount owed by Defendant was $119,217.81. A true and correct copy of the final earning statement is attached hereto as **Exhibit 3**.

9. Defendant breached the Agreement when he failed to pay Plaintiff the outstanding Bonus by December 19, 2022. Defendant has never repaid Plaintiff.

10. As a result of Defendant's breach, Plaintiff has suffered monetary damages in the amount of $119,217.81

**WHEREFORE,** Plaintiff prays for judgment against Defendant for damages in the amount of $119,217.81 plus interest, together with the costs of this action, and any other relief this Court deems equitable and just.

Respectfully Submitted,

/s/ Joseph A. Mallernee
Joseph A. Mallernee (#0098862)
Ashley C. Wakefield (#0093761)
2160 Superior Avenue
Cleveland, Ohio 44114
(440) 701-5548 – Phone
(440) 701-5549 – Fax
Joseph.Mallernee@ccm.com
Ashley.Wakefield@ccm.com
***Attorneys for Plaintiff***

# **EXHIBIT 1**

# SIGN-ON BONUS AGREEMENT

This Sign-On Bonus Agreement (the "Agreement") is entered into this 1st day of July, 2021 by and between CrossCountry Mortgage, LLC, a Delaware Limited Liability Company ("Company") and **MAXWELL ROSA** (the "Employee") (collectively, the "Parties").

## RECITALS

**WHEREAS,** Company desires to bestow upon the Employee a sign-on bonus in consideration for Employee accepting employment with the Company and remaining satisfactorily employed for at least two full years.

**NOW, THEREFORE,** in consideration thereof and of the covenants hereafter set forth, the Parties hereby agree as follows:

1. **INCORPORATION OF RECITALS.** The above recitals are incorporated herein by this reference.

2. **SIGN-ON BONUS PAYMENT.** Company agrees to pay Employee a Sign-On Bonus in the sum of One Hundred Twenty Thousand Dollars ($120,000.00) (the "Bonus"). Company will pay the Bonus in one installment, through its regular payroll at the end of the first payroll period subsequent to the Employee's start date (the "Start Date"). The Bonus shall be subject to all required taxes and withholdings applicable to bonus earnings. The Parties agree that:

    ☒ $120,000.00 of the Bonus is an **unvested wage advance**. Employee will earn the advance in its entirety by remaining employed with Company for 24 months following the Start Date. **The Parties further agree that no portion of the advance shall be earned if Employee does not remain employed with Company for the full 24 months.** Stated differently, if Employee does not remain employed with Company for 2 years, Company may require Employee to pay back the bonus in full pursuant to paragraph 3, below. Time of employment less than 24 months, including partial months of employment, does not reduce the repayment obligation under this Agreement.

    ☐ $_____ of the Bonus is earned wages and not subject to recapture.

3. **REPAYMENT OF BONUS.** Employee agrees to repay to Company the entire Bonus amount according to the following terms:

    a. <u>Termination of Employment</u> – If the employment relationship between Employee and Company is terminated prior to 24 months after the Start Date, for any reason, whether voluntary or involuntary, then Employee agrees to repay the entire Bonus

within ten (10) days of the termination date. Employee further agrees that any outstanding balance on such repayment obligation is delinquent and immediately collectable following the tenth (10th) day after the termination date.

    b. <u>Consent to Offset</u>. By signing below, Employee expressly gives Company a lien against any wages, accrued vacation time, incentive compensation payments, bonuses and/or commissions due to Employee at time of termination. Employee agrees that Company may deduct, to the extent permitted by applicable law, the repayment amount due Company under this Agreement from any amounts due Employee at time of termination. Employee also agrees that any tax consequences borne because of repayment of the Bonus will be the sole and exclusive responsibility of Employee.

4. **FURTHER DOCUMENTS**. The Parties agree to execute any and all documents, and to perform any and all other acts, reasonably necessary to accomplish the purposes of this Agreement.

5. **AT WILL EMPLOYMENT**. Nothing in this Agreement guarantees employment for any period of time. Employee shall be and remain an employee "at will".

6. **ACKNOWLEDGEMENTS AND INTEGRATION**. Employee understands s/he has the right to discuss this Agreement with any individual and, to the extent desired, Employee has taken advantage of this opportunity. Employee further acknowledges that s/he has carefully read and fully understands the provisions of this Agreement, and that s/he is voluntarily entering into the Agreement without any duress or pressure from Company. Employee also understands and acknowledges that this Agreement is the entire agreement between Employee and Company with respect to this subject matter, and Employee acknowledges that Company has not made any other statements, promises or commitments of any kind (written or oral) to cause Employee to agree to the terms of this Agreement.

7. **WAIVER**. The failure of a party to insist upon strict adherence to any term of this Agreement on any occasion shall not be considered a waiver nor shall it deprive such party of the right thereafter to insist upon strict adherence to that that term or any term of this Agreement. Any waiver must be in writing signed by the waiving party. If Company is the waiving party, such waiver must be signed by Company's President and Chief Executive Officer, Ronald J. Leonhardt, Jr.

8. **MODIFICATION**. This Agreement may be supplemented, amended, or modified only by the mutual agreement of the parties. No supplement, amendment, or modification of this Agreement shall be binding unless it is in writing and signed by the Employee and Company's President and Chief Executive Officer or Company's Chief Legal Counsel.

9. **SEVERABILITY.** The Parties agree that should a court of competent jurisdiction declare or determine any provision of this Agreement to be illegal, invalid or unenforceable, the remainder of the Agreement shall nonetheless remain binding and enforceable and the illegal, invalid or unenforceable provision(s) shall be modified only so much as necessary to comply with applicable law.

10. **CHOICE OF LAW; WAIVER OF JURY TRIAL.** This Agreement shall be governed by and construed in accordance with the laws of the State of Ohio (without regard to any conflicts of laws principles thereof that would give effect to the laws of another jurisdiction). Employee intends to and hereby confers jurisdiction upon the courts of the State of Ohio and U.S. federal courts located within the State of Ohio to determine any dispute arising out of or related to this Agreement, including the enforcement and the breach hereof. Employee waives any objection to venue in such courts. Each party irrevocably waives its rights to trial by jury in any action or proceeding arising out of the Agreement.

11. **ATTORNEYS FEES.** Employee agrees to pay all reasonable costs, expenses, interest, and legal fees incurred by the Company to enforce this Agreement

| **EMPLOYEE** | **CROSSCOUNTRY MORTGAGE, LLC** |
|---|---|
| *DocuSigned by:* Maxwell Rosa<br>5E853302EB5A489...<br>Maxwell Rosa | By: *DocuSigned by:* Alex Ragon<br>A407916AAB2E4CB...<br>Alex J. Ragon, Chief Legal Counsel |

# **EXHIBIT 2**

CJA  001961 564900    0000278310 2

**Earnings Statement** 

CROSSCOUNTRY MORTGAGE, LLC.
6850 MILLER RD.
BRECKSVILLE, OH 44141

| | |
|---|---|
| Period Beginning: | 06/19/2021 |
| Period Ending: | 07/02/2021 |
| Pay Date: | 07/09/2021 |

Filing Status: Married filing jointly
Exemptions/Allowances:
  Federal: Standard Withholding Table

MAXWELL A ROSA
1451 STEPHEN MARC LANE
EAST MEADOW NY 11554

| Earnings | rate | salary/hours | this period | year to date |
|---|---|---|---|---|
| Sign On Bonus | | | 120,000.00 | 120,000.00 |
| Regular | | | | 1,153.85 |
| **Gross Pay** | | | **$120,000.00** | 121,153.85 |

**Important Notes**
COMPANY PH#:(440) 671-6651

BASIS OF PAY: SALARY

| Deductions | | |
|---|---|---|
| **Statutory** | | |
| Federal Income Tax | -26,400.00 | 26,400.00 |
| Social Security Tax | -7,440.00 | 7,483.96 |
| Medicare Tax | -1,740.00 | 1,750.28 |
| NY State Income Tax | -11,544.00 | 11,560.52 |
| NY Paid Family Leave Ins | -379.44 | 385.34 |
| NY SDI Tax | | 1.20 |
| **Other** | | |
| Dental | | 36.72 |
| Medical | | 399.00 |
| Vision | | 9.04 |

**Additional Tax Withholding Information**
Taxable Marital Status:
  NY:         Married
Exemptions/Allowances:
  NY:         0

| | |
|---|---|
| **Net Pay** | **$72,496.56** |
| CHECKING 1 | -72,496.56 |
| **Net Check** | **$0.00** |

Your federal taxable wages this period are $120,000.00

© 2000 ADP, LLC

CROSSCOUNTRY MORTGAGE, LLC.
6850 MILLER RD.
BRECKSVILLE, OH 44141

| | |
|---|---|
| Advice number: | 00000278310 |
| Pay date: | 07/09/2021 |

| Deposited to the account of | account number | transit ABA | amount |
|---|---|---|---|
| MAXWELL A ROSA | xxxxx | xxxx xxxx | $72,496.56 |

THIS IS NOT A CHECK

**NON-NEGOTIABLE**

# **EXHIBIT 3**

Electronically Filed 02/03/2023 10:38 / / CV 23 974717 / Confirmation Nbr. 2767265 / CLAJB

# Earnings Statement



| | |
|---|---|
| CROSSCOUNTRY MORTGAGE, LLC. | Period Beginning: 12/03/2022 |
| 2160 SUPERIOR AVENUE E | Period Ending: 12/16/2022 |
| CLEVELAND, OH 44114-2102 | Pay Date: 12/23/2022 |

Filing Status: Married filing jointly
Exemptions/Allowances:
 Federal: Standard Withholding Table

MAXWELL A ROSA
1451 STEPHEN MARC LANE
EAST MEADOW NY 11554

| Earnings | rate | salary/hours | this period | year to date |
|---|---|---|---|---|
| Commission | | | 1,750.00 | 71,509.40 |
| Draw Comm | | | -1,750.00 | -6,725.71 |
| Regular | | | | 87,548.22 |
| **Gross Pay** | | | **$0.00** | 152,331.91 |

**Important Notes**
COMPANY PH#:(440) 671-6651

BASIS OF PAY: SALARY

| Deductions | Statutory | |
|---|---|---|
| | Federal Income Tax | 7,857.47 |
| | Social Security Tax | 8,710.76 |
| | Medicare Tax | 2,037.19 |
| | NY State Income Tax | 7,660.22 |
| | NY SDI Tax | 31.20 |
| | NY Paid Family Leave Ins | 423.71 |
| | **Other** | |
| | Accident | 455.08 |
| | Criticalillness | 395.88 |
| | Dental | 954.72 |
| | Hospital | 448.74 |
| | Ltdpostax | 730.85 |
| | Medical | 10,660.00 |
| | Sign-On Bonus | 782.19 |
| | Vision | 221.00 |
| | Voltermpostax | 516.71 |
| | Whole Life | 1,037.32 |

**Additional Tax Withholding Information**
Taxable Marital Status:
 NY: Married
Exemptions/Allowances:
 NY: 0

**Net Pay** $0.00

**Net Check** $0.00

© 2000 ADP, Inc.

---

CROSSCOUNTRY MORTGAGE, LLC.
2160 SUPERIOR AVENUE E
CLEVELAND, OH 44114-2102

Advice number: 00000517821
Pay date: 12/23/2022

Deposited to the account of | account number | transit ABA | amount
MAXWELL A ROSA

THIS IS NOT A CHECK

**NON-NEGOTIABLE**